1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILBUR PITTMAN,

12                    Plaintiff,                    No. CIV S-08-2808 CMK P

13          vs.

14   J. FRIGO, et al.,

15                    Defendants.                   ORDER

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18   to 42 U.S.C. § 1983.

19          The federal venue statute requires that a civil action, other than one based on

20   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

21   defendants reside in the same State, (2) a judicial district in which a substantial part of the events

22   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

23   of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

24   no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

25          In this case, the defendant(s) are located and the claim arose in Riverside County,

26   which is in the Central District of California.  Therefore, plaintiff's claim should have been filed

                                            1

1  in the United States District Court for the Central District of California.  In the interest of justice,

2  a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28

3  U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

4          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

5  United States District Court for the Central District of California.

6

7  DATED:  December 1, 2008

8                        _____

9                        **CRAIG M. KELLISON**
                      UNITED STATES MAGISTRATE JUDGE

10